UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JUAN JOSE FERNANDEZ VASQUEZ,

Petitioner,

v.

ORESTES CRUZ, et al.,

Respondents.

No.  1:26-cv-00476-DAD-EFB

ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER

(Doc. No. 4)

This matter is before the court on petitioner's *ex parte* motion for temporary restraining order filed on January 23, 2026.  (Doc. No. 4.)  For the reasons explained below, the court will deny petitioner's motion.

**BACKGROUND**

On January 20, 2026, petitioner Juan Jose Fernandez Vasquez filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his detention by the United States immigration and Customs Enforcement ("ICE").  (Doc. No. 1.)  Therein petitioner asserts a violation of his rights under the Immigration and Naturalization Act ("INA") pursuant to the decision in *Martinez v. Clark*, 124 F.4th 775, 784 (9th Cir. 2024).  (*Id.* at ¶¶ 38–40.)  In support of his motion for temporary restraining order, petitioner has provided evidence of the following.

Petitioner entered the United States in 1994.  (*Id.* at ¶ 29.)  On May 13, 2025, petitioner was detained by ICE during an adjustment of status interview to obtain his legal permanent

1

residence.[1]  (*Id.* at ¶ 30.)  Following his detention, petitioner was placed in removal proceedings pursuant to 8 U.S.C. § 1229a.  (*Id.* at ¶ 31.)  On December 3, 2025, petitioner's prior conviction for domestic violence was vacated pursuant to California Penal Code § 1473.7.  (*Id.* at ¶ 32.)  Subsequently, petitioner sought a bond redetermination hearing.  (*Id.* at ¶ 34.)  On January 7, 2026, the assigned immigration judge denied petitioner bond on the basis of his having a serious criminal history, finding that petitioner constituted a "danger to other persons or property."  (*Id.* at ¶ 35.)

On January 23, 2026, petitioner filed the pending motion for temporary restraining order.  (Doc. No. 4.)  On January 27, 2026, respondents filed their opposition to that motion and, on January 28, 2026, petitioner filed a reply thereto.  (Doc. Nos. 7, 8.)

**LEGAL STANDARD**

The standard governing the issuing of a temporary restraining order is "substantially identical" to the standard for issuing a preliminary injunction.  *See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001).  "The proper legal standard for preliminary injunctive relief requires a party to demonstrate 'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'"  *Stormans,*

---

[1] The court observes that it has previously ordered release of a petitioner on the basis that he was improperly detained during an adjustment of status interview in violation of the INA.  *See Franco v. Meyer*, No. 1:25-cv-01620-DAD-CKD, 2025 WL 3280782, at *2 (E.D. Cal. Nov. 25, 2025).  In that case, the undersigned granted release of a petitioner who had been detained at an adjustment of status interview on the grounds that the use of the adjustment of status process to lure non-citizen spouses violated the INA.  *Id.*  However, unlike in *Franco*, petitioner at the time of his adjustment of status interview had been previously convicted of domestic violence, a conviction which was not vacated until December 3, 2025 after the adjustment of status interview.  (Doc. No. 1 at ¶ 32.)  "Aliens convicted of certain crimes are generally ineligible to apply for adjustment of status because they are deemed inadmissible."  *You, Xiu Qing v. Nielsen*, 321 F. Supp. 3d 451, 464 (S.D.N.Y. 2018).  Moreover, petitioner has not raised a statutory claim asserting a violation of the INA on the basis of improper detention during his adjustment of status interview.  *See Ngugi v. Lyons*, No. 1:25-cv-01783-KES-EPG, 2026 WL 35610, at *2 n.1 (E.D. Cal. Jan. 6, 2026) (declining to address an argument that the petitioner's arrest during an adjustment of status interview violated the INA where the petitioner did not raise that argument in his petition or in his motion for temporary restraining order).  Accordingly, the court does not address this unbriefed issue further in this order.

2

*Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)); *see also Ctr. for Food Safety v. Vilsack*, 636 F.3d 1166, 1172 (9th Cir. 2011) ("After *Winter*, 'plaintiffs must establish that irreparable harm is likely, not just possible, in order to obtain a preliminary injunction.'"); *Am. Trucking Ass'n, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009). A petitioner seeking a preliminary injunction must make a showing on all four of these prongs. *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011). The Ninth Circuit has also held that "[a] preliminary injunction is appropriate when a plaintiff demonstrates . . . that serious questions going to the merits were raised and the balance of hardships tips sharply in the plaintiff's favor." *Id.* at 1134–35 (citation omitted). The party seeking the injunction bears the burden of proving these elements. *Klein v. City of San Clemente*, 584 F.3d 1196, 1201 (9th Cir. 2009); *see also Caribbean Marine Servs. Co. v. Baldrige*, 844 F.2d 668, 674 (9th Cir. 1988) (citation omitted) ("A plaintiff must do more than merely allege imminent harm sufficient to establish standing; a plaintiff must *demonstrate* immediate threatened injury as a prerequisite to preliminary injunctive relief."). Finally, an injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter*, 555 U.S. at 22.

The likelihood of success on the merits is the most important *Winter* factor. *See Disney Enters., Inc. v. VidAngel, Inc.*, 869 F.3d 848, 856 (9th Cir. 2017). Petitioner bears the burden of demonstrating that he is likely to succeed on the merits of her claims or, at the very least, that "serious questions going to the merits were raised." *All. for Wild Rockies*, 632 F.3d at 1131.

**DISCUSSION**

Petitioner argues that the immigration judge "unlawfully and unconstitutionally" denied him bond. (Doc. No. 4-2 at 3–4.) Respondents argue that petitioner has failed to exhaust his administrative remedies and should instead seek an appeal of the immigration judge's order through the Board of Immigration Appeals ("BIA"). (Doc. No. 7 at 2–3.) Petitioner replies that the immigration judge's bond decision was based upon a vacated criminal conviction, that this is an impermissible basis for immigration detention, and accordingly that this court should waive any exhaustion requirement. (Doc. No. 8 at 2.)

3

"On habeas review under § 2241, exhaustion is a prudential rather than jurisdictional requirement." *Singh v. Holder*, 638 F.3d 1196, 1203 n.3 (9th Cir. 2011). "Courts may require prudential exhaustion if (1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review." *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007) (internal quotation marks omitted). Nevertheless, even if these factors weigh in favor of requiring exhaustion, "there are a number of exceptions to the general rule requiring exhaustion, covering situations such as where administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void." *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004).

In this regard, the court finds the district court's order in *Martinez v. Scott*, No. 2:25-cv-01538-TSZ-GJL, 2025 WL 2689844 (W.D. Wash. Aug. 27, 2025), *report and recommendation adopted*, 2025 WL 2689066 (W.D. Wash. Sept. 19, 2025), where the district court concluded that the *Puga* factors strongly weigh in favor of requiring exhaustion when a petitioner requests review of an individualized bond hearing determination before an immigration judge and that the petitioner had failed to demonstrate the existence of one of the exceptions recognized by the Ninth Circuit in *Laing*. Here, as to the second *Puga* factor, the court emphasizes that "[b]ecause of the fact-intensive inquiry involved in reviewing individual bond determinations . . . allowing [p]etitioner to bypass the administrative scheme would not provide concrete guidance for a large swath of future administrative proceedings. Rather, relaxing the exhaustion requirements in this case would encourage others to immediately seek habeas review if they deem the federal courts to be a more sympathetic forum." *Martinez*, 2025 WL 2689844, at *5. The court finds this reasoning from *Martinez* to be persuasive and, accordingly, concludes that petitioner has not demonstrated that the prudential exhaustion requirement should be waived in his case.

Petitioner appears to contend that the lengthy process of appealing his bond determination to the BIA constitutes irreparable harm that justifies waiving the prudential exhaustion

4

requirement.  (Doc. No. 4-2 at 5.)  Extended periods of detention combined with a clear legal error during a bond redetermination hearing may constitute grounds to waive the prudential exhaustion requirement.  *See Perez v. Wolf*, 445 F. Supp. 3d 275, 286 (N.D. Cal. 2020) (waiving the prudential exhaustion requirement where the court found that, if the petitioner was correct regarding the underlying due process violation, he would have been unlawfully deprived of a bond hearing for over two years).  Nevertheless, courts are reticent to waive prudential exhaustion on these grounds because the argument "begs the constitutional questions presented" in the underlying habeas petition.  *Hilario Pankim v. Barr*, No. 20-cv-02941-JSC, 2020 WL 2542022 (N.D. Cal. May 19, 2020) (internal quotation marks omitted).  As the district court in *Martinez* observed "irrespective of the errors Petitioner assigns to his bond hearing, the fact remains that he received a bond hearing[.]  . . .  This case is thus readily distinguishable from those involving continued detention without *any* process."  2025 WL 2689844, at *6 (emphasis in original).  Therefore, the court rejects petitioner's argument that he has established irreparable harm justifying the waiving of the prudential exhaustion requirement in this case.[2]

For the reasons above, petitioner's motion for temporary restraining order (Doc. No. 4) is DENIED.  The court hereby VACATES the previously scheduled February 2, 2026 hearing on petitioner's motion for temporary restraining order.

IT IS SO ORDERED.

Dated:   **January 29, 2026**

_____
DALE A. DROZD
UNITED STATES DISTRICT JUDGE

---

[2]  The court also observes that an immigration judge's reliance on a vacated conviction at a bond hearing would not appear to constitute clear legal error.  The only case which petitioner cites in support of this contention is *Bent v. Garland*, 115 F.4th 934 (9th Cir. 2024), in which the court held that it was legal error for the BIA to assume as a matter of course that a conviction vacated pursuant to California Penal Code § 1473.7(a)(1) was vacated solely to alleviate the immigration consequences of a conviction.  *Bent*, 115 F.4th at 940–41.  The Ninth Circuit did not address in *Bent* whether a vacated conviction may be considered at a bond redetermination hearing.  Petitioner's reliance on the decision in *Bent*, without more, is therefore misplaced.