UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JUAN JOSE FERNANDEZ VASQUEZ,

Petitioner,

v.

ORESTES CRUZ, et al.,

Respondents.

No. 1:26-cv-00476-DAD-EFB

ORDER DISMISSING THIS ACTION WITHOUT PREJUDICE FOR FAILURE TO COMPLY WITH THIS COURT'S ORDERS

On July 6, 2026, respondents filed a status report representing that petitioner was released from immigration custody on April 22, 2026 following the granting of his application for adjustment of status. (Doc. No. 12.) Respondents argued therein that this rendered petitioner's petition for writ of habeas corpus moot. (*Id.*) On July 8, 2026, the court directed petitioner to file a status report indicating his position as to whether his petition has been rendered moot by no later than July 9, 2026, and cautioned petitioner that his failure to do so would result in dismissal of this action. (Doc. No. 13.) To date, petitioner has not filed the requisite status report and the time in which to do so has passed.

The factors to be weighed in determining whether to dismiss a case for lack of prosecution are as follows: (1) the public interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendant; (4) the public policy favoring disposition on the merits; and (5) the availability of less drastic sanctions. *Pagtalunan v. Galaza*,

291 F.3d 639, 642 (9th Cir. 2002); *Hernandez v. City of El Monte*, 138 F.3d 393, 398 (9th Cir. 1998).

Moreover, the Local Rules of this court state that the failure of a party to comply with any order of the court "may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." L.R. 110. A party's failure to comply with applicable rules and law may be grounds for dismissal or any other sanction appropriate under the Local Rules. *Id.*; *see also Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint), *as amended* (May 22, 1992). "Despite this authority, dismissal is a harsh penalty and, therefore, it should only be imposed in extreme circumstances." *Ferdik*, 963 F.2d at 1260 (9th Cir. 1992).

Here, the public interest in expeditious resolution of litigation, the court's need to manage its docket, and the risk of prejudice to respondents all support the imposition of the sanction of dismissal here. Only the public policy favoring disposition on the merits counsels against dismissal. However, petitioner's failure to comply with this court's order directing filing of a status report regarding whether his petition has now been rendered moot makes disposition of this action on the merits an impossibility. Finally, with respect to availability of less drastic sanctions, the court has considered alternative measures and determined that any other such measure would be futile.

Accordingly, this action will be dismissed due to plaintiff's failure to comply with this court's orders.

/////

/////

/////

/////

/////

/////

For the reasons explained above,

1. This action is DISMISSED without prejudice due to plaintiff's failure to obey court orders; and

2. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: **July 14, 2026**

Dale A. Drozd

DALE A. DROZD
UNITED STATES DISTRICT JUDGE